IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

DOCKET NO. 2:11CR32

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CONSENT ORDER AND** |
| v. | ) | **JUDGMENT OF FORFEITURE** |
| | ) | |
| EDWARD ALBERT CARROLL, | ) | |
| | ) | |
| Defendant. | ) | |

WHEREAS, the defendant EDWARD ALBERT CARROLL has entered into a plea agreement (incorporated by reference herein) with the United States and has voluntarily pleaded guilty pursuant to Federal Rule of Criminal Procedure 11 to one or more criminal offenses under which forfeiture may be ordered;

WHEREAS, the defendant and the United States stipulate and agree that the property described below constitutes property derived from or traceable to proceeds of the defendant's offense(s) herein; property involved in the offenses, or any property traceable to such property; and/or property used in any manner to facilitate the commission of such offense(s); or substitute property for which under 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e); and is therefore subject to forfeiture pursuant to, 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and/or 18 U.S.C. § 981(a)(1), provided, however, that such forfeiture is subject to any and all third party claims and interests, pending final adjudication herein;

WHEREAS, the defendant herein waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant;

WHEREAS, pursuant to Federal Rules of Criminal Procedure 32.2(b)(1) & (c)(2), the Court finds that there is the requisite nexus between the property and the offense(s) to which the defendant has pleaded guilty and that the defendant has a legal interest in the property;

WHEREAS, the defendant withdraws any claim previously submitted in response to an administrative forfeiture or civil forfeiture proceeding concerning any of the property described below. If the defendant has not previously submitted such a claim, the defendant hereby waives all right to do so. If any administrative forfeiture or civil forfeiture proceeding concerning any of the

1

property described below has previously been stayed, the defendant hereby consents to a lifting of the stay and consents to forfeiture;

WHEREAS, the undersigned United States Magistrate Judge is authorized to enter this Order by the previous Order of this Court No. 3:05MC302-C (September 8, 2005);

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

The **following property** is forfeited to the United States:

- **Intratech, 9mm caliber pistol, serial number D003323**
- **Del-Ton, Inc., DTI-15, .556 caliber rifle, serial number B-6049**
- **AR, 57, 5.7x28mm upper receiver**
- **Davis Industries, P380, .380 caliber pistol, serial number AP364841**
- **Colt, Colteer 4-22, .22 caliber pistol, no serial number**
- **Winchester, 190, .22 caliber rifle, serial number B1819847**
- **Ithaca Gun Co., M49, .22 caliber rifle, no serial number**
- **Mossberg/Westernfield, M550ABD, 12 gauge shotgun, serial number 447627**
- **Romarm, WASR-10, 7.62x39mm caliber rifle, serial number IL-0014-78 (other mark 659257)**
- **Ruger, 10-22, .22 caliber rifle, serial number 249-67101**
- **Mossberg, 500, 12 gauge shotgun, serial number T437694**
- **Hi-Point, C, 9mm caliber pistol, serial number 823466**
- **Iver Johnson, Viking 67S, .38 caliber revolver, serial number P9446**
- **ITM Arms Co., MK-99, 7.62 caliber rifle, serial number IA3878 (other mark 0020315)**
- **Century Arms Int., R1A1 Sporter, .308 caliber rifle, serial number 01-02029**
- **Beretta, 92FS, 9mm caliber pistol, serial number BER3 Z (obliterated)**
- **Approximately 649 rounds of assorted ammunition**
- **One improvised destructive device**
- **Seven improvised explosives**
- **One trigger assembly**

The United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described tangible property.

If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of this forfeiture.

As to any firearms and/or ammunition listed above and/or in the charging instrument, defendant consents to destruction by federal, state, or local law enforcement authorities upon such legal process as they, in their sole discretion, deem to be legally sufficient, and waives any and all right to further notice of such process or such destruction.

2

Any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order of Forfeiture, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property, including depositions, interrogatories, requests for production of documents and to issue subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered, as provided by Fed. R. Crim. P. 32.2(c)(2). If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

SO AGREED:

_____
JOHN D. PRITCHARD
Assistant United States Attorney

_____
EDWARD ALBERT CARROLL
Defendant

_____
FREDILYN SISON
Attorney for Defendant

Signed this the 15th day of May, 2012.

_____
DENNIS HOWELL
UNITED STATES MAGISTRATE JUDGE

3